IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

| | | |
|---|---|---|
| MICHAEL P, [1] | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | Civil Action No. 1:21-CV-00224- BU |
| | § | |
| KILOLO KIJAKAZI | § | |
| Acting Commissioner of Social Security | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED
STATES MAGISTRATE JUDGE**

Plaintiff Michael P., proceeding *in forma pauperis*, filed this civil action seeking

judicial review under 42 U.S.C. § 405(g) of a final adverse decision by the Commissioner

of Social Security. Dkt. No. 1. Under Special Order No. 3-251 of this Court, this case was

automatically referred for the determination of non-dispositive matters and the issuance of

findings, conclusions, and recommendation on all dispositive matters. The parties have not

consented to proceed before a magistrate judge.

Before the Court is Defendant's Motion to Dismiss and Brief in Support Thereof in

which the Commissioner argues that Plaintiff's action in this Court to seek judicial review

of the Commissioner's final decision is untimely. Dkt. No. 13. The Defendant's Motion to

Dismiss was filed on April 7, 2022, making Plaintiff's response to the motion due no later

than April 28, 2022. *See* Local Civil Rule 7.1(e). Plaintiff did not file his Response until

---

[1] Due to concerns regarding the privacy of sensitive personal information available to the public through opinions in
Social Security cases, Plaintiff is identified only by first name and last initial.

1

May 26, 2022.[2] See Dkt. No. 14. For the reasons explained below, the Commissioner's motion should be GRANTED, and Plaintiff's appeal should be DISMISSED with prejudice as untimely.

## I. BACKGROUND

An appeal under 42 U.S.C. § 405(g), allows an individual to seek judicial review in the district court of a final decision of the Commissioner of Social Security. Such an action must commence within 60 days after receiving notice of the Commissioner's final decision. 42 U.S.C. § 405(g). A decision of the Commissioner is final when the Appeals Council either denies review of or enters a decision regarding the ALJ's hearing decision. 20 C.F.R. § 422.120(c).

The 60-day period to seek judicial review of the Commissioner's decision constitutes a statute of limitations for bringing the action but is not jurisdictional. *Matthews v. Eldridge*, 424 U.S. 319, 328 n.9 (1976). Indeed, Congress expressly authorized the tolling of the period by authorizing the Commissioner to do so prior to a judicial review action being filed. *Bowen v. City of New York*, 476 U.S. 467, 480 (1986). Thus, a plaintiff may seek an extension of the 60-day limitations period from the Appeals Council upon a showing of "good cause." 20 C.F.R. §§ 404.911, 404.982, 416.1411, 416.1482, 422.210(c). The Appeals Council will consider several circumstances in deciding whether to grant the

---

[2] The Court previously issued an Order to Show Cause after Plaintiff's attorney failed to timely comply with an Order requiring her to either (1) provide satisfactory documentation of local counsel, or (2) move for leave to proceed without local counsel. Dkt. No. 8. Plaintiff's counsel eventually complied and no further action was taken by the Court on the Order to Show Cause. *See* Dkt. No. 9.

request, even if the request is received after the limitations period expires. *See id.* Otherwise, the presumed date of receipt of notice of the Commissioner's final decision is five days after the notice, "unless there is a reasonable showing to the contrary." § 422.210.

But there is a second path to equitable tolling for a plaintiff who either is denied an extension by the Appeals Council or fails to seek one. "While in most cases the Secretary will make the determination whether it is proper to extend the period within which review must be sought, cases may arise where the equities in favor of tolling the limitations period are 'so great that deference to the agency's judgment is inappropriate.'" *Bowen*, 476 U.S. at 480 (quoting *Eldridge,* 424 U.S. at 330). The Fifth Circuit has observed that such judicial tolling may be appropriate, for instance, "where the plaintiff was prejudiced by the lack (or untimely) notice to his attorney" or "if the Secretary violated his own regulations by failing to timely send notice to the attorney, at least if sufficient resultant prejudice were shown." *Flores v.* 945 F.2d 109 at 113 n.5. The burden is on the complaining party to demonstrate facts that justify equitable tolling. *Wilson v. Sec'y Dep't of Veterans Affairs*, 65 F.3d 402, 404 (5th Cir. 1995). And, importantly, while the 60-day time period is not jurisdictional, "it is a condition on the waiver of sovereign immunity and thus must be strictly construed." *Bowen v. City of New York*, 476 U.S. 467, 479 (1986).

Otherwise, absent either an extension from the Commissioner or equitable tolling, a suit that is brought outside of the 60-day period is properly dismissed as time barred. *See Flores v. Sullivan*, 945 F.2d 109, 113 (5th Cir. 1991); *see also Fletcher v. Apfel*, 210 F.3d 510, 513 (5th Cir. 2000) (finding a suit filed one day late is properly dismissed);

*Thibodeaux es rel. Thibodaux v. Bowen*, 819 F.2d 76, 79 (5th Cir. 1987) (per curium) (finding a complaint filed two days late is time barred).

According to the Commissioner's motion and attachments, "Plaintiff filed an application for supplemental security income, which was denied at the initial and reconsideration level[s], and then by an Administrative Law Judge (ALJ) on October 5, 2020." Dkt. No. 13 at 1. Also on October 5, 2020, the ALJ mailed a copy of ALJ's decision to Plaintiff. Dkt. No. 13-1 at 3.

Plaintiff then requested review of the ALJ's decision by the Appeals Council. *Id*. at 27. On January 8, 2021, the Appeals Council issued its Notice of Appeals Council Action denying Plaintiff's request for review. *Id*. The Notice of Appeals Council Action informed Plaintiff that the denial of his request for review "means that the Administrative Law Judge's decision is the final decision of the Commissioner of Social Security in your case." *Id*. The Notice also advised Plaintiff of his right to file a civil action for judicial review of the Commissioner's decision, specifically instructing Plaintiff:

**Time To File a Civil Action**

● You have 60 days to file a civil action (ask for court review).

● The 60 days start the day after you receive this letter. We assume you received this letter 5 days after the date on it unless you show us that you did not receive it within the 5-day period.

● If you cannot file for court review within 60 days, you may ask the Appeals Council to extend your time to file. You must have a good reason for waiting more than 60 days to ask for court review. You must make the request in writing and give your reason(s) in the request.

> You must mail your request for more time to the Appeals Council at the address shown at the top of this notice. Please put the Social Security number(s) also shown at the top of this notice on your request. We will send you a letter telling you whether your request for more time has been granted.

*Id.* at 28–29. Thus, the presumptive deadline for Plaintiff to file a civil action in federal court was March 16, 2021, absent a showing by Plaintiff that he did not receive the Notice within five days. Plaintiff filed his civil action in this Court on December 14, 2021. Dkt. No. 1.

In Plaintiff's untimely Response to the Commissioner's motion, his attorney claims that "[o]n March 8, 2021, the undersigned prepared a letter to the Appeals Council requesting an extension of time."[3] Dkt. No. 14 at 2. Plaintiff's attorney argues that the letter, a copy of which is included as an exhibit to Plaintiff's Response, was "sent via fax" but "the Appeals Council did not respond. . . ."[4] *Id.* Plaintiff also claims to have been "confused about the process and the necessary documents that were needed to proceed with filing the complaint in the United States District Court." *Id.*

The Defendant denies being aware, as of the filing of its motion, of having received a request for an extension, and has not amended that representation since it was made by Plaintiff in his Response. *See* Dkt. No. 13-1 at 3.

---

[3] Although Plaintiff did not seek leave to file the untimely response, this Court is within its discretion to "consider untimely submissions when it is in the interest of justice, and particularly in the absence of any objection thereto." *In re El Paso Apparel Group, Inc.*, No. EP-01-CV-466-DP, 288 B.R. 757, 761 (W.D. Tex. 2003) (citing *Campbell v. Keystone Aerial Surveys, Inc.*, 138 F.3d 996, 1000 (5th Cir. 1998)). The undersigned finds that it is in the interest of justice to consider Plaintiff's Response here, and the Commissioner has not objected.

[4] In the Notice of Appeals Council Action dated January 8, 2021, Plaintiff was informed that he "must mail your request for more time to the Appeals Council at the address shown at the top of this notice." Dkt. No. 14-2 at 2–3. The address given is for the Social Security office in Falls Church, Virginia, and does not include a fax number. *Id.* at 1.

## II. DISCUSSION AND ANALYSIS

Initially, the Court must address a threshold question regarding the nature of the motion before it. Defendant filed the motion under Rule 12(b)(6), which authorizes the dismissal of a claim for "failure to state a claim upon which relief may be granted." FED. R. CIV. P. 12(b)(6). "[T]he purpose of a motion under Federal Rule 12(b)(6) is to test the formal sufficiency of the statement of the claim for relief; the motion is not a procedure for resolving a contest between the parties about the facts or the substantive merits of the plaintiff's case." 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1356 (3rd ed. Supp. 2021).

Here, Defendant does not attack the sufficiency of the *factual* allegations in Plaintiff's Complaint but rather argues that the Plaintiff's claim is barred by the statute of limitations. Dkt. No. 13 at 1. And a motion to dismiss for failure to state a claim under Rule 12(b)(6) is a valid means to bring a statute of limitations defense. *Bush v. United States*, 823 F.2d 909, 910 (5th Cir. 1987).

"With respect to the statute of limitations defense, dismissal at the 12(b)(6) stage is proper only 'where it is evident from the [complaint] that the action is barred and the [complaint] fail[s] to raise some basis for tolling.'" *Jaso v. The Coca Cola Co.*, 435 F. App'x 346, 351–52 (5th Cir. 2011) (quoting *Jones v. Alcoa Inc.*, 339 F.3d 359, 366 (5th Cir. 2003) (alterations in original)); *see also Acad. of Allergy & Asthma in Primary Care v. Quest Diagnostics, Inc.*, 998 F.3d 190, 200 (5th Cir. 2021); 5B CHARLES ALAN WRIGHT & ARTHUR R. MILLER, FEDERAL PRACTICE & PROCEDURE, § 1357 at 714–21 (3d ed. 2004)

("[T]he inclusion of dates in the complaint indicating that the action is untimely renders it subject to dismissal for failure to state a claim.").

Here, there appears to be no dispute that Plaintiff failed to file the instant action within the applicable 60-day limitations period. *See* Dkt. No. 14 at 2–3. Plaintiff's Complaint was filed on December 14, 2021. Dkt. No. 1. In that Complaint, Plaintiff acknowledges that "[t]he Appeals Council notified Plaintiff on January 8, 2021, that the decision of the Administrative Law Judge had become the final decision of the Commissioner." *Id*. at 2. Thus, even without considering the attachments to the Defendant's motion, and applying only the undisputed 60-day statute of limitations, it is evident from the dates in the Complaint that Plaintiff's action appears to be barred. *See id.*

But the Court next looks to whether the Complaint raises some basis for tolling. *Jaso*, 435 F. App'x at 351–52. And here, the Complaint is devoid of any explanation for the instant action being filed nine months after the expiration of the applicable limitations period. *See Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990) (observing that "Barrs did not miss the 60-day filing deadline by a small amount of time; more than nine months passed between the time that the Appeals Council sent the notice and the time that he filed his action in federal district court.").

Thus, the face of the Complaint here reveals a limitations defense and no basis for tolling.  Plaintiff's action would appear to be subject to dismissal on that basis alone. But in this case , both the Defendant and the Plaintiff submitted attachments in connection with Defendant's Rule 12(b)(6) motion. Dkt. Nos. 13, 14. As a result, the undersigned next

addresses the circumstances under which it is proper for the Court to consider the attachments.

"In determining whether a plaintiff's claims survive a Rule 12(b)(6) motion to dismiss, the factual information to which the court addresses its inquiry is limited to (1) the facts set forth in the complaint, (2) documents attached to the complaint, and (3) matters of which judicial notice may be taken under Federal Rule of Evidence 201." *Gomez v. Galman, et al.*, No. 20-30508, 2021 WL 5371112, at *2 (5th Cir. Nov. 18, 2021) (quoting *Walker v. Beaumont Indep. Sch. Dist.*, 938 F.3d 724, 735 (5th Cir. 2019). Additionally, the court may consider "documents *attached to the Rule 12(b)(6) motion* 'that are referred to in the plaintiff's complaint and are central to the plaintiff's claim.'" *Allen v. Hays*, 812 F..App'x. 185, 189 (5th Cir. 2020) (italics in original); *see also Scanlan v. Tex. A&M Univ.*, 343 F.3d 533, 536 (5th Cir. 2003) (holding that in ruling on a motion under Rule 12(b)(6) motion to dismiss, courts may generally not "go outside the complaint" except to consider "that are referred to in the plaintiff's complaint and are central to the plaintiff's claim.")

Few of the documents submitted by the parties are attached to or referenced in Plaintiff's Complaint. Defendant attached to its motion: (1) the declaration of Lesha Cowell (Dkt. No. 13-1 at 1–4); (2) the Notice of Unfavorable Decision and ALJ Decision dated October 5, 2020 (*Id*. at 5–26); and (3) the Notice of Appeals Council Action dated January 8, 2021 (*Id*. at 27–32). While the ALJ Decision and Notice of Appeals Council Action are referenced in Plaintiff's Complaint, the declaration—which addresses, among other things,

the statute of limitations issue raised in the motion and whether an extension was sought—is not. *See* Dkt. No. 1.

Plaintiff attached to his Response: (1) the declaration of Plaintiff's attorney (Dkt. No. 14-1 at 1–4); (2) a copy of Defendant's motion and all attachments (Dkt. No. 14-2); (3) a request for extension of time to file in federal court from Plaintiff's attorney to the Appeals Council dated March 8, 2021 (Dkt. No. 14-3); and (4) a fax transmission report dated March 8, 2021 (Dkt. No. 14-4). Except for the copy of Defendant's attachments as explained above, none of Plaintiff's attachments are attached to or referenced in Plaintiff's Complaint. *See* Dkt. No. 1.

Thus, the Court next considers whether the attached documents can properly be considered in ruling on a Rule 12(b)(6) motion on the basis that they are "central to plaintiff's claim" and thus satisfy the exception to the general rule that courts may not "go outside the complaint" in ruling on such a motion. *See Scanlan,* 343 F.3d at 536. If the attached documents are not central to plaintiff's claim, the Court must then decide whether to consider the documents as part of the Court's conversion of the Rule 12(b)(6) motion to one for summary judgment under Rule 56.

A.  Are the attached documents central to Plaintiff's claim?

The Fifth Circuit does not appear to have addressed this specific issue, nor have the parties. But "the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). Applying this principle here dictates the

conclusion that documents related to whether Plaintiff filed his Complaint within the applicable statute of limitations and, if not and relatedly, whether he is entitled to equitable tolling of the limitations period, are not central to Plaintiff's claims.

B.  Is it proper for the Court to consider the documents as part of the Court's conversion of the Rule 12(b)(6) motion to one for summary judgment under Rule 56?

If extrinsic matters beyond those central to the plaintiff's complaint are considered by the court, "the motion must be treated as one for summary judgment under Rule 56." *Allen v. Hays*, 812 Fed.Appx. 185, 189 (5th Cir. 2020). The parties also "must be given a reasonable opportunity to present all material that is pertinent to the motion." FED. R. CIV. P. 12(d).

However, the Court is not required to give the parties express notice of its intention to convert Defendant's Rule 12(b)(6) motion to one under Rule 56. *Allen v. Hays*, 812 Fed.Appx. 185, 190 (5th Cir. 2020) (citing *Snider v. L-3 Commc'ns Vertex Aerospace, L.L.C.*, 946 F.3d 660, 667 (5th Cir. 2019). But to ensure fundamental fairness, the Court must satisfy itself that the opposing party has (1) received the extrinsic matters accepted for consideration by the Court such that it had an opportunity to challenge them, and (2) some objective reason to believe such matters might be considered by the court. *Id*. In other words, "the proper question is whether the nonmovant was on notice that 'the district court *could* treat the motion as one for summary judgment, not [whether] the court *would* in fact do so." *General Retail Services, Inc. v. Wireless Toyz Franchise, LLC*, 255 F..App'x. 775,

784 (5th Cir. 2007) (citing *Washington v. Allstate Ins. Co.*, 901 F.2d 1281, 1284 (5th Cir. 1990).

Again, both parties in this case submitted attachments in connection with Defendant's Rule 12(b)(6) motion. Plaintiff, the non-movant, specifically references Rule 12(d)'s "reasonable opportunity to present all material that is pertinent to the motion" in asking the Court to consider his attorney's declaration and "necessary documentation that an extension was submitted to the Appeals Council. . . ." Dkt. No. 14 at 3–4. It appears clear that Plaintiff has both received the Defendant's extrinsic matters, has now challenged those matters, and not only had a basis to believe the Court could consider them, but wishes the Court would do so. This conclusion is further supported by the fact that neither party objected to the other party's submission of the additional materials.

For these reasons, the undersigned finds that Rule 12(d) has been satisfied here and the Court can, in its discretion, consider under Rule 56 the extrinsic materials provided by the parties by converting the motion to one for summary judgment under Rule 56.[5]

## C. Applicable legal standards under Rule 56

When moving for summary judgment on a claim or defense on which the moving party bears the burden of proof, the movant "must establish 'beyond peradventure all of

---

[5] While Rule 12(b) grants courts discretion to accept and consider those materials in its ruling on the motion, it does not require them to do so. *Johnson v. Wells Fargo Bank, N.A.,* 999 F. Supp. 2d 919, 926 (N.D. Tex. 2014) (citing *Isquith ex rel. Isquith v. Middle S. Utils., Inc*., 847 F.2d 186, 196 n.3 (5th Cir. 1988)) (order adopting the conclusions of the Magistrate Judge finding the Court has "complete discretion" to either accept or exclude the evidence for purposes of the motion to dismiss, but noting if matters outside the pleadings are not excluded, the motion must be treated as one for summary judgment).

the essential elements of the claim or defense.'" *Bank One, Tex., N.A. v. Prudential Ins. Co. of Am.*, 878 F. Supp. 943, 962 (N.D. Tex. 1995) (Fitzwater, J.) (quoting *Fontenot v. Upjohn Co.*, 780 F.2d 1190, 1194 (5th Cir. 1986)). In other words, the movant must demonstrate that there are no genuine and material fact disputes and that it is entitled to summary judgment as a matter of law. *See Martin v. Alamo Cmty. Coll. Dist.*, 353 F.3d 409, 412 (5th Cir. 2003).

An issue is genuine if the evidence is such that a reasonable jury could return a verdict in the nonmovant's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). "[B]eyond peradventure" is a "heavy" standard for the movant to meet. *Carolina Cas. Ins. Co. v. Sowell*, 603 F.Supp.2d 914, 923–24 (N.D. Tex. 2009) (Fitzwater, C.J.) (quoting *Cont'l Cas. Co. v. St. Paul Fire & Marine Ins. Co.*, 2007 WL 2403656, at *10 (N.D. Tex. Aug. 23, 2007) (Fitzwater, J.)).

D.  Analysis under Rule 56

As explained above, there is no dispute that Plaintiff failed to file the instant action within the applicable 60-day limitations period. *See* Dkt. No. 14 at 2–3. Plaintiff's Complaint was filed on December 14, 2021. Dkt. No. 1. In that Complaint, Plaintiff acknowledges that "[t]he Appeals Council notified Plaintiff on January 8, 2021, that the decision of the Administrative Law Judge had become the final decision of the Commissioner." *Id*. at 2.

Instead of disputing that the limitations period had passed, Plaintiff argues that he is entitled to equitable tolling of the 60-day limitations period on the facts presented here.

But Plaintiff's equitable tolling argument is not clear. *See* Dkt. No. 14 at 2–4. The gist of

it appears to be that there was a miscommunication—or series of miscommunications—

between Plaintiff and his attorney. *Id*. at 2. In Plaintiff's Response, his attorney states:

> In June 2021, the undersigned's office mailed Mr. Peterson the necessary
> documents for filing in federal court. Unfortunately, Mr. Peterson became
> confused about the process and the necessary documents that were needed to
> proceed with filing the complaint in the United States District Court. Forms
> were mailed on at least 4 other occasions (7/8/2021; 8/19/2021; 10/28/2021;
> 11/10/2021). Finally, on December 6, 2021, the undersigned received Mr.
> Peterson's signed documentation to proceed with the filing of the complaint.

*Id*.

Elsewhere, Plaintiff relies on the Second Circuit in *Torres v. Barnhart*[6] to argue that

he is entitled to equitable tolling where he shows that he was pursing his rights diligently

and that some extraordinary circumstance stood in his way. *Id*. at 3. Plaintiff also relies on

a District Court case from the Western District of Wisconsin[7] to argue that equitable tolling

may apply in circumstances where a plaintiff claims to have sought an extension from the

Appeals Council, but the Appeals Council failed to respond. *Id*. at 4.

But Plaintiff has not shown an extraordinary circumstance that prevented him from

filing on time. Ultimately, his argument rests upon his attorney's claim that on March 8,

2021—day 59 of 60—she faxed to the Appeals Council a request for an extension of the

60-day limitations period and offers copies of both the request and the corresponding fax

transmission report in support of that claim. Dkt. No. 14-3. But that letter simply reads:

Dear Sir or Madam:

---

[6] *See* 417 F.3d 276, 279 (2nd Cir. 2005) (citing *Pace v. DiGuglielmo*, 544 U.S. 408, 418 (2005)).
[7] *Sanchez v. Barnhart*, No. 03-C-537-C, 2004 WL 1005589 (W.D. Wisc. May 4, 2004)

> The Claimant's Request for Review of the unfavorable ALJ decision was denied on January 8, 2021. I understand that the Claimant wishes to pursue a court appeal with a local attorney but needs additional time to find an attorney.
>
> On the Claimant's behalf, I respectfully request an extension of time to file a court appeal.
>
> Thank you for your consideration.

*Id.* As explained above, a plaintiff seeking an extension of the 60-day limitations period from the Appeals Council must show "good cause." 20 C.F.R. §§ 404.911, 404.982, 416.1411, 416.1482, 422.210(c). Also as explained above, when the United States consents to be sued, it must be sued in accordance with the terms of its consent. *United States v. Mitchell*, 445 U.S. 535, 538 (1980). Here, the letter from Plaintiff's attorney to the Appeals Council saying her client "needs additional time to find an attorney" is, at best, a thin showing of good cause. *See id*; Dkt. No. 14-3.

And Plaintiff cannot rely on the agency's failure to rule on the request to bootstrap an equitable tolling claim when Plaintiff and his counsel "had a duty to inquire about the status of the motion for an extension of time, and their failure to do so does not constitute 'unique circumstances[.]'" *Lewis v. Barnhart,* 73 F. App'x. 715, 717 (5th Cir. 2003) (per curiam) (addressing relief sought under FED. R. CIV. P. 60(b)(1)).

"Federal courts have typically extended equitable relief only sparingly." *Irwin v. Dept. of Veteran Affairs*, 498 U.S. 89, 96 (1990). And "it is only a rare social security case which will present equities strong enough to toll limitations." *Marse v. Dept. of Health &*

*Human Services*, 999 F.2d 1579 (citing *Barrs v. Sullivan*, 906 F.2d 120, 122 (5th Cir. 1990). The undersigned is unable to find that these facts present such a rare case.

## V. RECOMMENDATION

For the foregoing reasons, the undersigned RECOMMENDS that the Court GRANT Defendant's motion for summary judgment and dismiss Plaintiff's claims with prejudice.

## VI. RIGHT TO OBJECT

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(B). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific or sufficient. Failure to file written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except on grounds of plain error. *See Douglass v. United Services Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

ORDERED this 19th day of September, 2022.


JOHN R. PARKER
UNITED STATES MAGISTRATE JUDGE